Citation Nr: 1702638 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 03-06 465 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to service connection for a left knee disability, to include as secondary to a service-connected bilateral foot disability.

2. Entitlement to service connection for a disorder manifested by fatigue, to include chronic fatigue disorder.

3. Entitlement to service connection for a psychiatric disorder, claimed as posttraumatic stress disorder (PTSD).

4. Whether new and material evidence has been received to reopen a claim of service connection for a right knee disability, to include as secondary to service- connected bilateral foot disability.\

5. Entitlement to a rating in excess of 50 percent for bilateral flatfoot with corns and bunions.



REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

L. Zobrist, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from December 1980 to December 1983. These matters are before the Board of Veterans' Appeals (Board) on appeal from an October 2001 rating decision by the Seattle, Washington, Department of Veterans Affairs (VA) Regional Office (RO) which, in pertinent part, denied service connection for a left knee disability and for a disability manifested by fatigue (and also for a left shoulder disability). When she moved to Alaska, the Veteran's claims file came under the jurisdiction of the Anchorage RO. She has since relocated to Louisiana and again more recently to Michigan; her claims file is now in the jurisdiction of the Detroit, Michigan, RO.

A November 2005 Board decision denied service connection for left knee and left shoulder disabilities, and remanded the claims pertaining to the thoracic spine, the low back, fatigue, headaches, and post-operative residuals of a hysterectomy. The Veteran appealed denials to the United States Court of Appeals for Veterans Claims (Court). An April 2008 Court decision affirmed the Board's denial of service connection for left shoulder disability and remanded the left knee issue. 

The matters remanded by the Board in November 2005 were recertified to the Board. A November 2009 Board decision denied the claims pertaining to the thoracolumbar spine, headaches, and residuals of a hysterectomy, and remanded the claims pertaining to the left knee and fatigue.
The matter of the rating for bilateral pes planus with corns and bunions arises from a February 2004 RO rating decision which granted service connection and assigned a 10 percent rating; an October 2004 DRO decision increased the rating to 50 percent (throughout). This issue was also remanded by the Board in November 2009.

The claims of service connection for PTSD and to reopen a claim of service connection for a right knee disability arise from a December 2009 RO rating decision. The psychiatric issue was developed and adjudicated as limited to the diagnostic entity of PTSD. However, as the record shows that the Veteran has other psychiatric diagnoses, and in light of the Court's decision in Clemons v. Shinseki, 23 Vet. App. 1 (2009), the issue is recharacterized as stated on page 1.

All remaining matters were remanded by the Board in May 2014 for the AOJ to schedule a hearing before the Board requested by the Veteran. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action on her part is required.


REMAND

The Veteran's representative's January 2017 written argument notes that the Board's May 2014 remand had ordered that (per her September 2013 request) the Veteran was to be scheduled for a videoconference or Travel Board hearing before the Board; that she had not withdrawn her hearing request; and that her request for a hearing has not been honored. The Board's review of the record found that indeed in the more than 2 1/2 years since the Board's last remand the Veteran was not afforded opportunity for a hearing, and that her hearing request had not been withdrawn in writing. Inexplicably, the case was returned to the Board without the action ordered being completed. Accordingly, corrective action is necessary. See Stegall v. West, 11 Vet. App. 268 (1998) (a remand by the Board confers on the appellant, as a matter of law, the right to compliance with the remand orders).

The case is REMANDED for the following:

The AOJ should schedule the Veteran for a videoconference hearing before the Board or in the alternative (if she so desires) a Travel Board hearing. The case should thereafter be processed in accordance with established appellate practices.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).